**UNITED STEELWORKERS OF AMERICA, AFL–CIO, Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**Armco Steel Corporation, Armco Employees Independent Federation, Inc., Intervenors.**

**No. 19945.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 23, 1966.

Decided Dec. 20, 1966.

Mr. Michael Gottesman, Washington, D. C., with whom Mr. Elliot Bredhoff, Washington, D. C., was on the brief, for petitioner.

Mr. Warren M. Davison, Atty., N. L. R. B., with whom Mr. Arnold Ordman, Gen. Counsel, Mr. Dominick L. Manoli, Associate Gen. Counsel, and Mr. Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., were on the brief, for respondent.

Mr. Jerome Powell, Washington, D. C., with whom Messrs. William H. Willcox and Grant W. Wiprud, Washington, D. C., were on the brief, for intervenor Armco Steel Corp.

Mr. Theodore Repper, Jr., Middletown, Ohio, was on the brief for intervenor Armco Employees Independent Federation, Inc.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and McGOWAN, Circuit Judges.

PER CURIAM:

This is a Labor Board case. The Armco Steel Corporation had a contract with the Armco Employees Independent Federation as bargaining representative of its employees. The contract provided, *inter alia*, that the Company would furnish bulletin boards whereon the Union could post notices, but that "There shall be no other distribution or posting by employees of literature upon Company property except as approved by the Company." The Steelworkers (our petitioner), campaigning for employee support to replace the Federation as bargaining representative, filed charges against the Federation for violation of Section 8(b) (1) (A) of the Act.[1] It said that the Federation was restraining or coercing employees in the exercise of a right guaranteed in Section 7 of the Act,[2] namely the right to distribute literature on Company property. The Federation responded that the employees, by the contract, legally negotiated by the duly accredited bargaining representative, had waived that right. The Board dismissed the complaint.

It appears that this same provision of this same contract between the Federation and the Armco Steel Corporation had been before the Board, and thereafter before the Court of Appeals for the Sixth Circuit, upon charges brought against the Company for violating Section 8(a) (1) of the Act. The court, in a unanimous decision handed down April 27, 1965, held that the contract was valid, and it set aside the order of the Board. The court said, *inter alia*, "In our opinion, whatever right employees had under Section 7 to distribute union literature on company property may be waived by their collective bargaining representative."[3] In the case at bar the Board, upon authority of the foregoing opinion, dismissed the charges. The Steelworkers now claim error in that action.

Under the circumstances the Labor Board, had it been so minded, might properly have requested a reconsideration by the Sixth Circuit or, with respect, might have announced its intention of seeking a conflict in circuits on the point; this latter is an acceptable course in view of the general public understanding as to the practice of the Supreme Court in respect to writs of certiorari. But we certainly cannot hold the Board to have been in error when it decided to follow a decision of a Court of Appeals, especially of the circuit in which the relevant affairs occurred.

Affirmed.

1. 61 STAT. 141 (1947), 29 U.S.C. § 158(b) (1) (A).

2. 61 STAT. 140 (1947), 29 U.S.C. § 157.

3. Armco Steel Corporation v. N.L.R.B., 6 Cir., 344 F.2d 621, 624.